Mr. Chief Justice Pringle
delivered the opinion of the Court.
Denver-Climax, the plaintiff below, brings error from the District Court’s dismissal of its complaint.
This case, like Denver-Laramie-Walden Truck Line v. Denver-Fort Collins Freight Service, 156 Colo. 366, 399 P.2d 242, decided this day, was brought to challenge certain rates charged by a motor vehicle private carrier. The complaint alleged that Denver-Climax, a motor vehicle common carrier, and the defendant Jim Chelf, Inc., a private carrier, compete and render substantially the same or similar services. It further alleged that on January 15, 1962, Chelf filed a schedule which announced rates for the transportation of concrete pipe lower than the rates prescribed for competing common carriers, for substantially the same or similar service.
Denver-Climax petitioned the PUC to suspend the rates filed by the defendant carrier. It contended that they violated C.R.S. ’53, 115-11-12, which requires the PUC to set minimum rates to be collected by private carriers at no lower than the rates prescribed for competing common carriers rendering substantially the same or similar service. The PUC permitted the rates to become effective and then, as distinguished from Denver-Laramie-Walden Truck Line v. Denver-Fort Collins Freight Service, supra, held a hearing at which it took evidence. By its decision, it found the rates to be lawful. The plaintiff filed a motion for rehearing, which was granted. The rehearing has not yet been held.
Denver-Climax, nevertheless, brought suit in the District Court. It asked that the PUC be required to show cause why it should not be ordered to cancel the rates, and that Chelf be required to show cause why it should not be ordered to collect from its shippers the difference *374 between the rates it was collecting and those Denver-Climax was collecting. The PUC’s motion to dismiss was granted, and Denver-Climax brought error.
The plaintiff in error’s arguments here are similar to those made in Denver Laramie-Walden Truck Line v. Denver-Fort Collins Freight Service, supra. We find here, as in that case, and for the same reasons, that the action must be dismissed for failure to exhaust administrative remedies. The action in the District Court sought to compel the PUC to cancel the rates published by the private carrier in advance of a final determination by the PUC. The original order finding the rates lawful is not a final order since a rehearing was granted, C.R.S. ’53, 115-6-14 as amended, and the rehearing has not yet been held. Under such circumstances, Denver-Climax’s action in the district court was premature.
The judgment is affirmed.
Mr. Justice Moore and Mr. Justice Schauer not participating.